## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW YOUNG<br>80 Q Street, S.W.<br>Washington, D.C. 20024<br><br>    Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC.<br>c/o CT Corporation<br>1015 15th Street, N.W.<br>Washington, D.C. 20005<br><br>    Defendant. | Case No. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Medicredit, Inc. (referred to herein as "Defendant"), through undersigned counsel, hereby files this Notice of Removal of the state-court action currently pending in the Superior Court of the District of Columbia, Small Claims and Conciliation Branch, Case No. 2015-SC(2)-003208. In support thereof, Defendant states as follows.

1. Plaintiff initiated his civil action by filing a Statement of Claim against Defendant in the Superior Court of the District of Columbia, Small Claims and Conciliation Branch. Copies of Plaintiff's Statement of Claim, Summons and other related court documents are appended hereto as Exhibit A.

2. Defendant was served with a copy of the Statement of Claim and Summons on or about August 10, 2015. This Notice of Removal is being filed with this Court within 30 days of the service of the Statement of Claim on Defendant and is timely filed. *See* 28 U.S.C. § 1446(b). *See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)

(holding that the 30-day removal deadline does not begin to run until a defendant has been properly served with a copy of the complaint).

3. Through this lawsuit, Plaintiff seeks to recover damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (referred to herein as the "FCRA"). *See* Statement of Claim (attached hereto as Exhibit A).

4. The FCRA provides, in relevant part, that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681p.

5. The majority rule is "that the existence of concurrent jurisdiction, standing alone, is insufficient to defeat the right to removal . . . under 28 U.S.C. § 1441." *See, e.g., Aben v. Dallwig*, 665 F. Supp. 523, 525 (E.D. Mich. 1987).

6. Therefore, Plaintiff has asserted a cause of action arising under the laws of the United States, and accordingly, this Court has original jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C.§ 1331, which provides for district courts having "original jurisdiction of all civil actions arising under the laws . . . of the United States."

7. A Notice of Filing for Removal to Federal Court is being filed contemporaneously in the Superior Court of the District of Columbia, a copy of which is attached hereto as Exhibit B.

8. Written notice of this pleading has been mailed to Plaintiff.

9. Exhibit A attached hereto represents all of the pleadings received by or served upon Defendant in connection with Plaintiff's claim.

10. Removal to this Court is appropriate because Plaintiff's action is pending in this District. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant respectfully requests that the above-referenced action brought in the Superior Court of the District of Columbia be immediately removed to this Court.

Respectfully submitted,

/s/ Joleen R. Okun
Joleen R. Okun
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street NW, Suite 1000
Washington, DC 20006
Phone: 202.887.0855
Fax: 202.887.0866
Email: Joleen.Okun@odnss.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2015, a copy of the foregoing Notice of Removal was sent via first class mail, postage prepaid, to:

Andrew Young
80 Q St SW
Washington, DC 20024
*Plaintiff pro se*

                                        /s/ Joleen R. Okun
Joleen R. Okun
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street NW, Suite 1000
Washington, DC  20006
Phone: 202.887.0855
Fax: 202.887.0866
Email: Joleen.Okun@odnss.com
*Counsel for Defendant*